## Quisenberry v. Chenault.

(Decided April 25, 1911.)

Appeal from Wolfe Circuit Court.

Appeals—Testimony Upon Former Trial—Affirming Upon the Evidence.—Where upon a fifth appeal of a case the testimony upon the last trial was in substance, the same as upon the previous trial, the judgment should be affirmed.

LEWIS McQUOWN, D. B. REDWINE, G. W. GOURLEY and D. L. PENDLETON for appellant.

KELLY KASH, HAZELRIGG & HAZELRIGG and J. B. WHITE for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This is the fifth appeal of this case. In the opinion on the last appeal, Quisenberry v. Chenault, 30 Ky. Law Rep., 229; 97 S. W., 803, this court said:

"If, upon a retrial of the case, the evidence is in substance the same as that introduced on the last trial, the court should give a peremptory instruction to find for the defendants."

The court deeming the evidence heard on the last trial to be the same, in effect, as that introduced on the former, compiled with the order of this court and gave the peremptory instruction. This court is bound by its previous utterances in this case. In the former opinions it was said that as there was a break in appellants' title, they could not recover except by showing actual and adverse possession for over fifteen years; therefore, the only question to be determined is whether or not the evidence with reference to appellees' actual and adverse possession is the same in effect on this appeal as on the former. If it is, the case must be affirmed. As stated, the opinion heretofore rendered relegated both parties to the proof of adverse possession. Counsel for appellants undertake to show that they present evidence upon the last trial which would entitle them to have the case submitted to a jury under the last opinion of this court. They claim, first, that they presented a deed showing that Bush, who had been represented on the former trials as an agent, was in fact a tenant in common of the land. The evidence before showed that Bush never lived on the land in controversy, but lived on an adjoining survey, therefore, if he were a tenant in common it did not effect the adverse possession. They further claim that they showed by oral proof on the last trial that Spencer reconveyed to Quisenberry. Conceding this to be true, for the purposes of this case, it does not affect the question at issue. On the previous trials, appellants introduced a record from Owsley county showing the division of the land. They did not introduce this record on the last, however, but appellees did and they complain. The introduction of this record made no material change in the matter and appellees had a right to introduce it. Appellants were claiming the land by adverse possession and attempted to show this by the fact that Bush lived

on the Quisenberry land and claimed the land in controversy. The testimony showed that the Quisenberry land was divided in 1849 and that the outside boundary of the land was one of the boundaries of appellees' claim, and being in possession of the Quisenberry land, the land divided, his claim could not extend beyond the lines of that land, and this record tends to show that Quisenberry, in his lifetime, did not claim the land in dispute.

We are of the opinion that the lower court did not abuse its discretion in concluding that the testimony on the last trial was, in substance, the same as on the previous, and for that reason the judgment is affirmed.